UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WISCONSIN

JIMMIE L. MILLER,

        Petitioner,

        v.                                    Case No. 09-C-0335

JUDY P. SMITH,

        Respondent.

DECISION AND ORDER DENYING PETITIONER'S WRIT OF HABEAS CORPUS
AND DISMISSING CASE

Jimmie Miller seeks a writ of habeas corpus under 28 U.S.C. § 2254. Miller challenges his conviction of December 12, 2005, in Racine County Circuit Court arguing that the Wisconsin Court of Appeals violated his constitutional right to counsel by failing to appoint a new attorney along with reinstating his right to first appeal as of right. He further asserts that his guilty plea was not entered knowingly, intelligently or voluntarily. Miller's petition will be denied because he failed to show that he has been subjected to any violation of a well-established federal right and is procedurally barred from bringing the second claim due to failure to comply with state procedural rules.

BACKGROUND

On December 12, 2005, the Racine County Circuit Court convicted Miller for one count of first-degree sexual assault of a child following a guilty plea. (Doc. 19, Ex. A.) Miller was sentenced to 10 years in prison followed by 20 years of extended supervision. (*Id.*) Miller remains incarcerated at the Oshkosh Correctional Institution. (Doc. 28, Pg. 1.)

1

In early 2006, Miller filed a notice of intent to pursue postconviction relief. (Doc.1, Ex. 4.) The Wisconsin State Public Defender's Office appointed Attorney John Grau as appellate counsel for Miller. (Doc. 1, Ex. 3.) Attorney Grau filed a postconviction motion in the trial court on behalf of Miller seeking resentencing on January 12, 2007. (Doc. 1, Ex. 4.)

However, during a motion hearing on April 23, 2007, Miller withdrew the postconviction motion for resentencing. (Doc.1, Ex. 5.) Miller alleges that during an off-the-record discussion between the trial court judge, the prosecutor and Attorney Grau, the trial court judge promised to increase his sentence if he proceeded with the motion. (Doc. 22 at 3.) Miller further alleges that he only ordered Attorney Grau to withdraw the postconviction plea for fear that the trial court judge would increase his sentence. (Doc. 22 at 4.)

After the postconviction motion hearing, in a letter dated May 2, 2007, Attorney Grau reminded Miller that he had decided previously not to pursue the resentencing motion. (Doc.1, Ex 5.) Also, Attorney Grau informed Miller that after reviewing his case file, he felt there was no basis for further pursuing sentence credit. (*Id.*) At the end of the letter, Attorney Grau promised to call Miller to discuss the matter. (*Id.*)

Miller claims that Attorney Grau never followed up, and that as a result, he sent a letter dated July 26, 2007, inquiring about the next line of action to be pursued. (Doc. 22 at 5.) Miller asserts that on August 7, 2007, he sent another letter requesting Attorney Grau to pursue a plea withdrawal because the state violated the terms of his plea agreement and his plea was not knowingly, voluntarily or intelligently entered. (Doc. 1, Ex. 6)

The State Public Defender asked Attorney Grau to respond to Miller's inquiries in a letter dated August 28, 2007. (Doc. 1, Ex. 9.) On September 12, 2007, Miller informed the Public Defender by letter that he still had not been contacted by Attorney Grau. (Doc. 1, Ex. 10.) After more letter exchanges between the Public Defender and Miller, the Public Defender attempted to resolve the issue in another letter to Miller dated October 10, 2007. (Doc.1, Ex. 12.) The Public Defender informed Miller that if he disagreed with Attorney Grau's conclusion that he had no-merit for further proceeding, Miller could release Attorney Grau and proceed pro se on appeal or with the assistance of an attorney hired by him or he could inform Attorney Grau to prepare a no-merit report for the court of appeals pursuant to Rule 809.32, Stats. (*Id.*)

On October 16, 2007, Miller directed Attorney Grau to file a no-merit report and requested a copy of the report to help prepare his response brief. (Doc. 1, Ex. 13.) Attorney Grau neither filed a notice of appeal nor a no-merit report. As a result, on January 17, 2008, Miller filed a pro se petition for a writ of habeas corpus alleging ineffective assistance of appellate counsel. (Doc. 19, Ex. B.) In his petition, Miller alleged that he received ineffective assistance of appellate counsel because Attorney Grau abandoned him on his first appeal as of right from his 2005 conviction. (*Id.*) The Wisconsin Court of Appeals ordered a response to the petition from the prison warden. (Doc. 19, Ex. C.)

The warden conceded that Attorney Grau did not provide the no-merit report requested by Miller and that Attorney Grau was ineffective. (*Id.*) The warden suggested that the apt remedy was reinstatement of Miller's direct appeal rights and a no-merit report, as requested by Miller in October 2007. (Id.) Miller rejected the suggestion that Attorney

3

Grau should resume representation via a no-merit report and demanded new counsel. (Doc. 19, Ex. D.)

The Wisconsin Court of Appeals granted Miller's petition for a writ of habeas corpus, reinstated Miller's appeal rights and returned Miller to the position he enjoyed before appellate counsel ignored his request for a no-merit report. (Doc. 19, Ex. E.) The court ordered counsel to file a notice of appeal and a no-merit report pursuant to state rules[1]. (*Id.*) However, the court rejected Miller's request for new appellate counsel and informed Miller that if he desired new counsel, he had to seek such relief from the State Public Defender (*Id.*)

Not satisfied with the appellate court's decision, Miller petitioned the Wisconsin Supreme Court asserting that he was entitled to new counsel when his appeal as of right was reinstated. (Doc. 19, Ex. F.) On December 15, 2008, the Wisconsin Supreme Court denied review of the petition (Doc. 19, Ex. H.)

Following the Wisconsin Supreme Court's denial to review his case, Miller wrote to the Wisconsin Court of Appeals, informing the court of his desire to discharge Attorney Grau and proceed pro se on appeal. (Doc. 19, Ex. M.) The Wisconsin Court of Appeals advised Miller of the hardships of self-representation. Miller confirmed that he was waiving his right to appointed counsel for postconviction and appellate proceedings and intended to proceed pro se. (Doc. 19, Ex. P.) On February 11, 2009, the court discharged Miller's appellate counsel and ordered that Miller file a postconviction motion or a notice of appeal with 75 days. (Doc. 19, Ex. O.) Refusing to relent on his efforts, Miller petitioned the

---

[1] Wis. Stat. Rule. § 809.32.

4

United States Supreme Court for a writ of certiorari. In March 2009, the Supreme Court denied Miller's petition. (Doc. 19, Ex. I.)

Miller then wrote to the Wisconsin Court of Appeals informing the court that he did not intend to proceed pro se on his first appeal as of right because he was entitled to an actual first appeal as of right along with a new appointed appellate counsel. (Doc. 19, Ex. Q.) He stated that he intended to pursue a resolution of the matter in the federal courts. (*Id.*) Miller filed the instant petition for a writ of habeas corpus to this court on March 27, 2009. (Doc. 1.) In his petition, Miller asserts that the Wisconsin Court of Appeals forced him to appear pro se in violation of the Sixth and Fourteenth Amendment to the United States Constitution after it reappointed the same appellate counsel who was previously found to be ineffective. (*Id.*) He also submits that his guilty plea was not entered intelligently, voluntarily and knowingly in violation of the Fourteenth Amendment to the United States Constitution. (Doc. 13.)

## ANALYSIS

A federal court can consider a petition for a writ of habeas corpus on its merits only if the petitioner (1) exhausted all remedies available in the state courts and (2) fairly presented any federal claims in state court first. *Dretke v. Haley*, 541 U.S. 386, 388 (2004); *Bocian v. Godinez*, 101 F.3d 465, 469 (7th Cir.1996) (*citing Picard v. Connor*, 404 U.S. 270, 275 (1971)).

A district court "shall entertain an application for a writ of habeas corpus . . . only on the ground that [the petitioner] is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Habeas relief is unavailable to remedy errors of state law. *Perry v. McCaughtry*, 308 F.3d 682, 688 (7th Cir.2002).

In regard to any claim that was adjudicated on the merits in a state court proceeding, a writ of habeas corpus is granted only when the adjudication of the claim resulted in a decision that (1) was contrary to clearly established federal law as determined by the U.S. Supreme Court; (2) involved an unreasonable application of clearly established federal law as determined by the U.S. Supreme Court; or (3) was based on an unreasonable determination of facts in light of the evidence presented at the state court proceedings. § 2254(d)(1), (2).

A state court's decision is contrary to Supreme Court law if the state court arrived at a conclusion opposite of that reached by the Supreme Court on a question of law or if the state court decided the case differently than the Supreme Court on facts that are materially indistinguishable. *Williams v. Taylor*, 529 U.S. 362, 405–06, 413 (2000).

A state court's application of federal law is unreasonable if the state court identified the correct governing legal principle but unreasonably applied that principle to the facts of the case. *Id*. at 407–09, 413. The controlling question for the aforementioned determination is whether the state court's application of clearly established federal law was objectively unreasonable. *Id.* at 409.

Before a federal court may consider the merits of a state habeas petitioner's claim, the petitioner must exhaust the remedies available to him in the state courts. 28 U.S.C. § 2254(b)(1)(A); *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *Perruquet v. Briley*, 390 F.3d 505, 514 (7th Cir.2004). However, when the petitioner fails to present a claim properly after he has pursued his state court remedies and there is no longer any corrective processes available to him, the procedural default doctrine bars the petitioner from presenting such claim at a federal court. *Perruquet v. Briley*, 390 F.3d 505, 514 (7th

6

Cir. 2004). Procedural default can occur: (1) when a petition to the federal court includes new claims that the petitioner failed to raise at the state level; or (2) where the state declined to address a federal claim because the petitioner failed to comply with state procedural requirement. *Bowles v. Berge*, 999 F. Supp. 1247, 1252 (E.D. Wis. 1998)**.**

In general, failure to comply with the procedural rules of the state provides an independent and adequate ground to deny federal habeas review of an issue. *See Coleman v. Thompson*, 501 U.S. at 722, 750 (1991). The rule also holds true when a state court has expressly denied a review of the prisoner's federal claim because of a failure to meet state procedural requirements. *Id*. at 730. Federal courts would review a procedurally defaulted habeas claim only if the prisoner can show cause for his procedural error and prejudice as a result, or establish that failure to consider the claims would result in a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 750; *Gomez v. Jaimet*, 350 F.3d 673, 679 (7th Cir. 2003). For the cause and prejudice test, the petitioner must show that something external to the petitioner, "some objective factor external to the defense," impeded his or his counsel's ability to follow state procedural rules. *Coleman*, 501 U.S. at 753.

A fundamental miscarriage exception is rare and happens only in extraordinary cases. *Schlup v. Delo*, 513 U.S. 298, 321 (1995). This exception applies in cases where the petitioner is actually innocent of the crime for which he is imprisoned. *See id*. at 321-22; *Gomez*, 350 F.3d at 679. A showing of actual innocence of the crime requires the petitioner to present new reliable evidence, such as scientific evidence, trustworthy eyewitness accounts, or critical physical evidence, not presented at trial. *Schlup*, 513 U.S.

at 324; *Gomez*, 350 F.3d at 679. "Because such evidence is obviously unavailable in a vast majority of cases, claims of actual innocence are rarely successful." *Schlup*, 513 U.S. at 324.

## RIGHT TO CHOICE OF APPELLATE COUNSEL

Miller has argued that the Wisconsin Court of Appeals violated his constitutional right by failing to appoint new counsel along with reinstating his right to first appeal as of right in violation of the Fourteenth and Sixth Amendments. He maintains that the Wisconsin Court of Appeals constructively denied him his first right of appeal by appointing the appellate attorney, who was found to be ineffective to file an out-of-time no-merit notice of appeal and report. However, Miller has failed to show that the Wisconsin Court of Appeals adjudication of his claim resulted in a decision that was clearly contrary to established federal law as determined by the U.S. Supreme Court. The Wisconsin Court of Appeals followed established federal law when it granted Miller's writ of habeas corpus and reinstated his appeal rights after deeming appellate counsel ineffective for failure to file a timely no-merit brief in light of the circumstances. *See Strickland v. Washington*, 466 U.S. 668 (1984). This decision was not contrary to any federal law.

The issue now turns on whether the Wisconsin Court of Appeals unreasonably applied clearly established federal law by refusing to appoint new appellate counsel for Miller after it deemed Attorney Grau ineffective. The remedy afforded to Miller was apt. Indignant criminal defendants do not have a right to appointed appellate counsel of their choice. *Jones v. Berge*, 101 F. Supp.2d 1145, 1152 (E.D. Wis. 2000).

There is a significant difference between the right to effective counsel and the right to counsel of choice. The latter deals with the right to a particular lawyer regardless of

8

effectiveness while the former imposes a baseline requirement of competence for chosen and appointed lawyers. *United States v. Gonzalez-Lopez*, 548 U.S. 140, 150 (2006). In *Gonzalez-Lopez*, the Supreme Court distinguished the petitioner who was denied counsel of choice in the trial court from an indigent defendant who requires appointed counsel. *Id.* Consequently, the Supreme Court held that the right to counsel of choice does not extend to indigent defendants. *Gonzalez-Lopez*, 548 U.S. 151.

Unlike the petitioner in *Gonzalez-Lopez*, Miller is an indigent defendant with no right to counsel of choice. Moreover, indigent defendants do not have the right to have appointed counsel advance every argument that they want, regardless of their merits when counsel in the exercise of professional judgment declines to do so. *See Jones v. Barnes*, 463 U.S. 745, 751 (1983). In *Anders v. California*, the Supreme Court laid out the acceptable procedures by which appointed appellate counsel may withdraw from a case if he or she believes there is no-merit to the appeal. *Anders v. California,* 386 U.S. 738, 744 (1967). This no-merit process was created to assure the protection of indigent defendants by giving them an opportunity to have the appellate court review the record independently and determine whether any meritorious issues exist for direct appeal. *Id.*

The Wisconsin Court of Appeals applied established federal law and denied Miller's request for a new appellate attorney diligently. After reinstating Miller's appeal rights, the Wisconsin Court of Appeals instructed Attorney Grau to file a no-merit brief in accordance with well-established principles of law. However, Miller refused the benefit of the no-merit process by discharging his appellate counsel voluntarily and proceeding pro se on appeal

9

after being warned by the court of the advantages and disadvantages of self-representation.

## GUILTY PLEA

Now the court turns to Miller's second claim which asserts that his guilty plea was not entered voluntarily, intelligently or knowingly in violation of the Fourteenth Amendment. But, as discussed below, this claim is barred by the procedural default doctrine.

Miller failed to raise this claim at the state level during his numerous dealings with the state appellate court, thereby depriving the Wisconsin state court system of an opportunity to use adequate and accessible state remedies available. Despite this failing, Miller argues that this court should grant him a writ of habeas corpus due to extraordinary circumstances surrounding his case and for the sake of the judicial economy. However, this court finds the existence of such extraordinary circumstances lacking.

Federal courts would review a procedurally defaulted habeas claim only if the prisoner can show cause for his procedural error and prejudice as a result, or demonstrate that failure to consider the claims would result in a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 750; *Gomez*, 350 F.3d at 679. A fundamental miscarriage exception is rare and happens only in extraordinary cases. *Schulp*, 513 U.S. at 321. This exception applies in cases where the petitioner is actually innocent of the crime for which he is imprisoned. *See id.* at 321-22; *Gomez*, 350 F.3d at 679. Here, Miller does not provide any new credible evidence that establishes his actual innocence beyond his mere assertion. Moreover, the circumstances of Miller's case are not such that would lead this court to grant habeas relief to avoid a fundamental miscarriage of justice.

Lastly, Miller has failed to present any objective factor external to the defense that impeded his or his counsel's ability to follow state procedural rules. *See Coleman*, 501 U.S. at 753. Miller had various interactions and dealings with various Wisconsin Courts and failed to present his claim regarding his guilty plea.

CONCLUSION

For the reasons stated above, Miller fails to establish entitlement to a writ of habeas corpus. Accordingly,

IT IS ORDERED that a petition for writ of habeas corpus is denied and that this case is dismissed.

Dated at Milwaukee, Wisconsin, this 28th day of December 2012.

BY THE COURT

/s/ C. N. Clevert, Jr.
C. N. CLEVERT, JR.
U. S. DISTRICT JUDGE